UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal No.
21-CR-10314-WGY

UNITED STATES OF AMERICA
VS.
WILLIAM DYER

## DEFENDANT'S SENTENCING MEMORANDUM

### I.   Introduction and Background of Defendant

The defendant, William Dyer, respectfully submits this sentencing memorandum detailing the application of Title 18 U.S.C. §3553(a) to the facts and circumstances of his offense. Mr. Dyer is truly a self-made man and a decent citizen.

William Dyer is a simple man. He was born on December 8, 1964. He grew up on Boston in a supportive family. He was born with a cleft palate and was diagnosed with ADHD. He endured significant bullying while in school. At the age of 17 he lost his mother to breast cancer. He was her significant personal care attendant at that young age, driving her to all of her treatments and nurturing her at home. Her passing was very hard on young Bill. They were very close.

At this time, his dad is dying from Alzheimer's Disease. Bill is his sole caretaker other than visiting nurses. He is now living in Bill's home. He is moribund and confined to his bed. Bill takes care of all of his personal needs such as hygiene, feeding and medications when the VNA are not there.

He is an extremely industrious and hard-working man. He had his first job at the age of 16, washing trucks at the Lalley Egg Farm in Norwell, Massachusetts. he also worked as a bus boy at The Barnside Tavern in Scituate, Massachusetts. When his mother passed he was in the 9th grade. He was devastated and quit school. He started drinking which was the way he tried

1

to numb his grief.

In 1987 he met his first girlfriend, Malinda, and felt he was in love. They had their first child in 1987. They named the baby June after his mother. He was 18 years old. Malinda left him with the baby to take up with another man. In six months she returned to take the child back. Bill paid support and was actively in her life.

In 1988 he met his now wife, Julianne Shaw. They were married in February of 2001. Together they have 4 children, William who is 34, Kels who is 26, Noah who is 22 (who resides with his dad) as well as Cameo who resides with his dad and Julianne as well, she is 19.

Mr. Dyer's record is somewhat robust but relatively benign. Most if not all of his prior offenses were the result of alcohol. At present, he is most proud of his <u>31 years of sobriety</u>. Ultimately, June's mother had drug issues and Bill obtained custody of the child. As a result, he raised five children and educated them all in private schools. He has always worked to support himself and his family. He has never sought government assistance. He has now created a very successful business, Pilgrim Paving. This business specializes in driveway installation and paving. His yellow signs with the black Pilgrim hat are observed all over the South Shore. He owns the lot where the business is located with numerous Quonset hut buildings and garages. He also owns the home next to the business lot as well as the lot that a liquor store is located on. He purchased and rotates rolling stock such as trucks, pavers and is a hands on worker, driving the trucks himself with his CDL and supervising his many employees.

He is a fantastic employer of 11 people, providing them with pizza and coffee on the job sites. He gives them bonuses at Christmas and even helps them out with their own family crises.

In his personal life he is now a grandfather of 11 children from his five. He has loaned

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

his children money to buy their homes as well as his sister. In his community he donates every year to the Hanover Police and Fire Department Retirement Fund. On one occasion, a local resident who Bill did not know lost his lobster boat which was his livelihood to a fire. Bill paved basketball courts at his own expense and ran raffles to generate money to help this man buy a new fishing boat. His charitable deeds in the community occurred over the years. He donates turkeys to the elderly as well as the Hanover Policy Boy's Club.

In addition to his alcohol addiction which he has overcome he also suffered from a severe gambling addiction. He is most proud of the fact that he just received his one year medallion for his participation in Gambler's Anonymous. They had a party and gave him a cake.

When the authorities arrested him he believes it was one of the best things that turned his life around. His wife went into rehab and she is now almost one year without alcohol. He immediately enrolled in Gambler's Anonymous as indicated above.

In the course of preparing the Sentencing Memorandum for this Honorable Court counsel received communication on March 10, 2022 from David Murphy, the defendant's accountant, making reference to his belief that the Internal Revenue Service overstated the amount of under reported income and incorrectly calculated additional tax due. A copy of the email and documentation from Mr. Murphy is attached hereto.

On April 28, 2022, Mr. Murphy wrote undersigned counsel and presented his calculations regarding actual gross receipts, reported gross receipts, unreported gross receipts and additional tax due. He notes that the under reported gross receipts consist of cash, checks and unreported deposits. He believes after reviewing the records that the unreported deposits were clerical errors made by the bookkeeper therefore there is no criminal intent as it relates to those items.

The defendant has accepted responsibility and in no fashion is seeking to avoid

3

responsibility for his failure to pay the IRS as is evident by his immediate restitution made upon the negotiations with government counsel at the inspection of this case. The defendant annexes the above only to show that there is an impact on the Advisory Guideline level for the loss noted.

When the case was entered in this Court Mr. Dyer has had the pleasure of working with an honorable and compassionate Assistant United States Attorney, David Holcomb. Attorney Holcomb actually knew Mr. Dyer was attempting to resolve his IRS debt and he was able to sell real estate and motor vehicles providing his attorney with checks that were deposited to counsel's trustee account. Checks were paid to the Internal Revenue Service on November 10, 2021 in the total amount of $597,881.00 which the government assessed as underpaid taxes.

## II. A Probationary Sentence or Home Confinement is Appropriate under §3553(A)

In crafting an appropriate sentence, the court must consider the factors set forth in 18 U.S.C. §3553(a). The guiding principle in sentencing is that a sentence must be sufficient but not greater than necessary. 18 U.S.C. §3553 (a); Kimbrough vs. United States, 552 U.S. 85, 101 (2007). As such, the sentencing guidelines are "merely advisory, which means that the district court has considerable leeway to impose a sentence that falls outside the range suggested." United States vs. Robinson, 433 F.3d 31, 35 (1st Cir. 2005); see United States vs. Booker, 543 U.S. 220 (2005). Indeed, the guidelines are "generalizations that can point to outcomes that may appear unreasonable to sentencing judges." See United States vs. Jimenez-Beltre, 440 F.3d, 514, 518 (1st Cir. 2006). In light of potential conflicts between the guidelines and an appropriate sentence under the circumstances, courts are free to "impose non-guideline sentences that override guidelines, subject only to the ultimate requirement of reasonableness." Id.

4

### III. The Nature and Circumstance of the Offense

Mr. Dyer operated his paving business on the South Shore. He was paid mostly by check from homeowners or commercial business. The government alleged and Mr. Dyer admitted in his Rule 11 hearing that he did not deposit all of Pilgrim Paving's checks for gross receipts into his business account, instead cashing them and "diverting" a portion of the gross receipts to himself. The government also alleges that he did not advise his tax preparer of the receipts and cash diversion from the years 2016-2018.

The government contends that the total tax loss was $597,881.00.[1] The Pre-Sentence Report calculates this loss at a Base Offense Level of 20 (tax loss more than $550,000.00, less than $1,500,000. 26 U.S.C. §7201, U.S.S.G. 2T1.1(a)(1)).

The defendant submits, however, that, in fact, he deposited cash proceeds from the cashed checks that would bring this Base Offense Level down one level (reference letter from David P. Murphy, Accountant annexed as "A.").

As indicated in the analysis, Mr. Dyer, in fact, shows that the IRS calculated the loss from checks that were cashed. In fact, Mr. Dyer relied on his tax person, Virginia Goodman, to report some of the income from cashed checks. The defendant does not deny his culpability but feels this is relevant to show the Court his lack of criminal intent to the total loss to the IRS in the sense it was not a criminal act but rather an act of omission. Should the Court determine that this was an act of omission the Base Offense Level would be lowered. The bottom line is the defendant has immediately accepted responsibility and it is a matter of degree to determine his culpability.

**Just Punishment and Deterrence**

---

[1] This is the amount of restitution paid to the IRS.

5

The recommended sentence of 3 years of probation, 12 months of supervised release, restitution in the amount of $597,881.00 to the IRS which has been paid, a $100 special assessment and no fine is a severe sentence that will provide adequate deterrence and promote respect for the law. As this Court has stated, a sentence of probation with significant restitution has "deterrent values…of real meaning." See United States vs. Burhan Ud Din, 1:17-CR-10098-GAO, ECF No. 165 at 6:13-17 (Nov. 8, 2019) (emphasizing restitution as well as "the fact of conviction and its disabling quality" and "conditions on the probation that will be themselves limiting.").

Indeed, the First Circuit affirmed the district court in United States vs. Prosperi in "reject[ing] the view that the interest in general deterrence [can] only be served by incarceration." 686 F.3d 32, 48 (1st Cir. 2012). Judge Stearns' remark at the sentencing hearing in Prosperi apply forcefully to this case;

> I think it is very difficult at times, for those of us who are judges or prosecutors or lawyers, to put ourselves in the shoes of a person with no prior experience with the criminal justice system who finds himself or herself accused of a crime. I do not think, sometimes, we fully recognize the anguish and the penalty and the burden that persons face when called into account, as these men are, for the wrong that they committed. Id.

**The Kinds of Sentences Available and the Sentencing Guidelines**

The guideline range is calculated as follows;

| | |
|---|---|
| Base Offense Level (U.S.S.G. §2T1.4(a)(1) and 2T4.1(H)) | 20 |
| Acceptance of Responsibility (U.S.S.G. §3E1.1(a)) | -2 |
| Acceptance of Responsibility (U.S.S.G. §3E1.1(b)) | -1 |
| Total Offense Level: | 17 |

Mr. Dyer's criminal history category is I

An offense level of 17 and a criminal history category of I results in a guideline range of 24-30 months. Id. ¶71. As discussed, Mr. Dyer respectfully submits that a

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

below guidelines sentence of 3 years of probation is appropriate.

**Avoiding Sentencing Disparities**

In determining an appropriate sentence the Court should take into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6). Courts in the District of Massachusetts have sentenced defendants convicted of similar charges to probationary sentences in similar circumstances. See United States vs. Angiulo, 1:20-CR-10218-DPW, ECF No. 38 (March 18, 2021) (sentence of 42 months of probation with 18 months of home confinement, 40 hours of community service per week during the term of home confinement, restitution and forfeiture where government recommended 27 months of incarceration); United States vs. Poillucci, 1:18-CR-10238-GAO, ECF No. 39 (Feb. 11. 2020) (sentence of 24 months of probation with 4 months of home confinement and restitution where guideline range was 12-18 months ); United States vs. Burhan Ud Din, 1:17-CR-10098-GAO, ECF No. 164 (no. 8, 2019) (sentence of 3 years of probation, 500 hours of community service and restitution where guideline range was 21-27 months).

For the reasons discussed, a probationary sentence is reasonable here as well and consistent with district practice.

**Conclusion**

For the foregoing reasons, Mr. Dyer respectfully requests that this Court sentence him to 3 years of probation, 12 months of supervised release, restitution in the amount of $597, 881.00 to the IRS, a $100 special assessment and no fine.

7

<div style="margin-left: 40%;">
William Dyer,<br>
By his attorney<br>
<br>
/s/Kevin J. Reddington, Esq.
</div>

**CERTIFICATE OF SERVICE**

I, Kevin J. Reddington, Esq., Attorney for the Defendant, William Dyer, hereby certify that the following documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 6, 2022.

DEFENDANT'S SENTENCING MEMORANDUM

<div style="margin-left: 40%;">/s/Kevin J. Reddington, Esq.</div>

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186